UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00086-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| RONALD LAZARUS HIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court following a decision from the Fourth Circuit Court of Appeals granting the Government's unopposed motion to remand, vacating the district court's judgment, and remanding this case to give the district court the opportunity to respond more fully to Higgs' sentencing-disparities and rehabilitation arguments. (Doc. No. 123). The Court previously granted Defendant's Motion to Reduce Sentence, (Doc. No. 112), after finding him eligible for a discretionary reduction under the First Step Act because he was convicted of a covered offense, calculating a revised amended guideline range of 108 to 135 months, and—after considering the factors pursuant to 18 U.S.C. § 3553(a)—reducing his sentence from 120 months to 108 months. (Doc. No. 116). After reviewing the decision of the Fourth Circuit Court of Appeals and the motion to remand, which was attached to the Fourth Circuit's opinion, the Court considers that prior ruling and specifically whether the sentencing-disparity and rehabilitation arguments made by Defendant in his original motion support a further reduction below the 108 months sentence previously ordered by this Court.[1]

---

[1] Notably, the Government's Motion to Remand explicitly stated the Government did not agree with Defendant's appellate argument that the district court failed to incorporate changes made by Amendment 709 to the Sentencing Guidelines. (Doc. No. 123-1). The Fourth Circuit, in granting the motion, also explicitly stated that it "remands this

1

Section 404 of the First Step Act authorizes district courts to "impose a reduced sentence" for certain "covered offense[s]." First Step Act, § 404(b), 132 Stat. at 5222. Section 404(a) of the Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id. § 404(a). Section 404(b) then provides that the court "may ... impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The First Step Act makes clear, however, that any such decision is a matter of the court's discretion. Id. § 404(b), (c).

When presented with a motion for relief under Section 404 of the First Step Act, a district court must first determine whether the sentence qualifies for review on the merits. United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020). Here, the parties agree and the Court previously concluded that Defendant undoubtedly qualifies for review under the First Step Act.

Having determined that Defendant's sentence qualifies for review on the merits, the Court must now determine whether to exercise its discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. See First Step Act, § 404(b), 132 Stat. at 5222. The first step in the exercise of this discretion is to apply the provisions of the Fair Sentencing Act of 2010 in calculating the Defendant's advisory Guidelines range. See Concepcion v. United States, __ U.S. __, 142 S. Ct. 2389, 2402 (2022) ("[T]he language Congress enacted in the First Step Act specifically requires district courts to apply the legal changes in the Fair Sentencing Act when calculating the Guidelines if they chose to modify a sentence."); United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021) ("The stated policy governing the exercise

---

case to the district court to give the district court the opportunity to respond more fully to Higgs' sentencing-disparities and rehabilitation arguments." (Doc. No. 123). The Court follows those explicit instructions here.

2

of this discretion is to bring a sentence that is qualified for reduction 'in line' with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect."). In making this calculation, the Court must apply only the retroactive provisions of the Fair Sentencing Act. See Concepcion, 142 S. Ct. at 2402 n.6 ("A district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act.").

Applying The Fair Sentencing Act of 2010 as if it had been in effect at the time of the Defendant's offense would result in a change in Defendant's advisory guidelines range as previously calculated of 108 to 135 months. (See Doc. No. 113, 116). Using this newly calculated Guidelines range as a "benchmark," the Court may then reconsider the 18 U.S.C. § 3553(a) factors, including any "postsentencing conduct or nonretroactive changes [in the law] in selecting or rejecting an appropriate sentence . . . ." Id. This analysis, however, "is not intended to constitute a plenary resentencing." Lancaster, 997 F.3d at 175.

As the Court previously found, Defendant's offense conduct included the distribution of an enormous quantity of crack cocaine. After receiving a low-end sentence from this Court, Defendant absconded for more than 14 years before he was arrested and began to serve his sentence. Defendant's presentence report also reflects that in 1992 he was shot during a drug-related robbery and was so severely injured that he spent a year recuperating from his injuries. Yet Defendant continued cooking and distributing crack cocaine.

Given the nature and circumstances of Defendant's offense, his history and characteristics particularly his fourteen years absconding, and the need for deterrence, all support a sentence of 108 months. But the Court's analysis does not end there.

3

Defendant's Motion seeks a reduction to 60 month and argues this reduction and related departure from the Guidelines are supported by the § 3553(a) factors, including his proven rehabilitation and community ties, his nonviolent record, and the need to avoid unwarranted sentencing disparities with similarly-situated offenders sentenced today. As part of his sentencing disparity argument, Defendant argues that a defendant today with the same criminal history and offense level of Defendant would receive a Guidelines range of 87 to 108 months. Defendant also directs the Court to several cases in district courts within the Fourth Circuit to support a downward departure from the Guidelines to assert his request for a reduction to 27 months below the low end of his Guidelines range is consistent with the treatment of similarly-situated defendants. In demonstrating support for his rehabilitation arguments, Defendant cites to his successful completion of education coursework, including 15 prison education courses, a business management course, and a real estate appraisal course, which will allow him to obtain a management-level job at his sister's real estate company. Defendant also directs the Court to his service as an education clerk at Butner Low and his disciplinary record, which only reflects a phone abuse-disrupt monitoring infraction in September 2019. The Court finds that under this record, these factors also allow for some degree of downward departure; however, given the other relevant § 3553(a) factors, the Court does not find a departure to 60 months to be appropriate for this Defendant.[2]

In sum, Defendant committed serious crimes and evaded imprisonment for *fourteen years* before he was arrested and began to serve his current sentence. And although the Court would

---

[2] Courts considering First Step Act motions can depart downwards from recalculated Guidelines ranges or vary from them. See Collington, 995 F.3d at 355; Chambers, 956 F.3d at 674 ("[W]e also agree that the court may vary from the Guidelines . . . .").

4

Case 3:01-cr-00086-FDW   Document 125   Filed 11/08/22   Page 4 of 5

ordinarily conclude that he should receive a sentence within the current Guidelines range, Defendant's post-conviction conduct has demonstrated extraordinary rehabilitation and his sentencing disparity arguments appear to be somewhat persuasive. As the Supreme Court recognized in Concepcion, federal judges have a responsibility "to sentence the whole person before them." 142 S. Ct. at 2398.

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence (Doc. No. 112) is GRANTED, and Defendant's previously imposed sentence of imprisonment of 108 months is reduced to 96 MONTHS, a sentence that is sufficient, but not greater than necessary, to carry out the sentencing objectives of 18 U.S.C. § 3553(a).

IT IS SO ORDERED.

Signed: November 8, 2022

Frank D. Whitney
United States District Judge